USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW**

---

Stefano Farsura, SF Capital Partners LLC,

*Plaintiffs*,

v.

QC Terme US Corp., MAP s.r.l., White Bridge
Investments S.p.A., Giuturna Investments S.p.A.,

*Defendants.*

Case No. 1:21-cv-09030

Judge Analisa Torres

---

## PROTECTIVE ORDER

Subject to approval of the Court, Plaintiffs Stefano Farsura and SF Capital Partners LLC

and Defendants QC Terme US Corp., MAP s.r.l., White Bridge Investments S.p.A., and Giuturna

Investments S.p.A. (collectively, the "Parties") hereby stipulate and agree as follows:

**1.   DEFINITIONS**

1.1    "Party": Any party to this action, including successors in interest, officers,

directors, and employees.

1.2    "Discovery Material": All items or information, regardless of the medium or

manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

tangible things) that are produced or generated in disclosures, responses to discovery (including

responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through

deposition exhibits, or other requests for documentation in this Litigation.

1.3    "Confidential Information": All Discovery Material that has not been publicly

disclosed or is not required by law to be included in a public record and that the Designating Party

deems in good faith to concern or relate to its own confidential or proprietary information, including but not limited to business information such as trade secrets, agreements, contracts, customers, strategic plans, and marketing documents; research, development, personnel, commercial, or financial information; private personal identifying information; and Discovery Material that, if released publicly, would cause competitive harm or disadvantage to the Producing Party. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

1.4 "Receiving Party": A Party or non-party that received Discovery Material from a Producing Party.

1.5 "Producing Party": A Party or non-party that produces Discovery Material in this Litigation.

1.6 "Designating Party": A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information.

1.7 "Outside Counsel": Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Litigation.

1.8 "In-House Counsel": Attorneys who are employees of a Party or its affiliates.

1.9 "Expert": A person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with this Litigation.

1.10 "Professional Vendors": Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing,

storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

1.11    "Litigation":  Refers to the above-captioned case only.

## 2.    SCOPE

All Discovery Material produced or adduced in this Litigation shall be subject to this Order. All Confidential Information shall be used solely for the purpose of prosecuting or defending this Litigation, including discovery, mediation, trial preparation, trial, and appeal. The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Confidential Information.

## 3.    DESIGNATING CONFIDENTIAL INFORMATION

3.1    Manner and Timing of Designation.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3.2    Designation of Confidential Information.  Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party during the Litigation and designated as Confidential Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Order.

(A)    *Documents*.  Documents containing Confidential Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" at the bottom of each page that contains such information, and for multi-page documents, on the first page of such documents.  Said legend shall be made so as not to obscure any of the Confidential Information's content.  A Party or non-party that makes original documents or materials available

3

for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential Information.   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.   Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend at the bottom of each page that contains Confidential Information.

(B)   *ESI*.   With respect to any Confidential Information that is produced as electronically stored information ("ESI") and is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information is produced.   Otherwise, the ESI shall be marked with the legend as provided in Section 3.2(A) of this Order.

(C)   *Tangible Objects*.   Tangible objects may be designated as "CONFIDENTIAL" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D)   *Depositions*.   Portions of a deposition may be designated as "CONFIDENTIAL" by denominating by page and line those portions of the deposition which are to be considered Confidential Information within thirty (30) days of receiving the transcript and exhibits and so informing all Parties of the designation.   Until the thirty-day period has passed, each deposition transcript shall be treated as Confidential Information.   Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Section 3.2(E) of this

4

Order.

(E)    *Documents Generated During Suit.*  All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information, and Confidential Information, if filed with the Court, shall, provided leave by the Court is requested prior to filing, be redacted from the Court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information) or filed under seal pursuant to the Court's rules governing sealed documents.

3.3    <u>Restrictions on Use of Confidential Information</u>.  Except as agreed to in writing by the Designating Party or its counsel or as otherwise provided herein, Confidential Information:

(A)    shall be maintained in confidence;

(B)    may be disclosed only to persons entitled to access thereto under the terms of this Order; and

(C)    shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending this Litigation, including appeals, and for no other purpose.  Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure of its designated material.

3.4    <u>Inadvertent Failure to Designate</u>.  If material is produced in this Litigation without a "CONFIDENTIAL" designation, it does not, standing alone, waive, in whole or in part, the Designating Party's right to secure protection under this Order for such material.  Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of

such documents.  The inadvertent failure of a Party or non-party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials.  Upon notice to each Party of such failure to designate, each Party shall cooperate to restore the confidentiality of the inadvertently disclosed information.  Should the Parties disagree as to the appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation.  Each Party or non-party that designates material for protection under this Order agrees to act in good faith in applying the standards set forth herein.

3.5   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Any Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

## 4.   <u>AUTHORIZED USERS OF CONFIDENTIAL INFORMATION</u>

4.1   <u>Basic Principles</u>.  A Receiving Party may use Confidential Information that is disclosed or produced by another Party or by a non-party in connection with this case only for

prosecuting, defending, appealing, or attempting to settle this Litigation. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 6.

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2    Disclosure of Confidential Information.   No person subject to this Order other than the Designating Party shall disclose any material designated as "CONFIDENTIAL" to any other person, except to:

(A)    In-House Counsel for any Party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(B)    Outside Counsel for any party engaged in the Litigation and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Litigation.

(C)    Any Party, as well as current or former employees, officers, directors, agents, or independent contractors of a Party engaged in assisting a Party's counsel during the Litigation. Confidential Information will not be disclosed to a former employee, officer, director, agent, or independent contractor of a Party until that person has signed the form annexed hereto as Exhibit A.

(D)    Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Litigation after such Expert has signed a statement in the form

7

annexed hereto as Exhibit A.

(E)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(F)     An author, signatory, or prior recipient of the document or the original source of the information.

(G)     Deponents and trial witnesses, after such deponent has signed a statement in the form annexed hereto as Exhibit A.

(H)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(I)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

5.     **CHALLENGING DESIGNATIONS**

5.1     <u>Dispute Resolution</u>.  If any Party reasonably and in good faith believes that any material designated "CONFIDENTIAL" should not be considered Confidential Information or has otherwise been misclassified under this Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Order, that Party must notify the Designating Party in writing and provide a description of the Confidential Information and a

concise statement of the basis for the challenge as to each individual document or other item so-identified, which the challenging Party believes should be released from some or all of the constraints of this Order, and serve copies of such notice to all other Parties. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within two (2) business days from the date of service of the written objection, any Party may move the Court for a determination as to whether the designation is appropriate. The burden of establishing confidentiality shall be on the Designating Party. The protection of the Confidential Information afforded by the Order shall continue as originally designated until the Court issues an order on the motion.

      5.2   <u>No Waiver</u>. Nothing in this Order shall be deemed a waiver of:

      (A)   any Party's or non-party's right to object to any discovery requests on any ground;

      (B)   any Party's right to seek an order compelling discovery with respect to any discovery request;

      (C)   any Party's right to object to the admission of any evidence at any stage in this Litigation; or

      (D)   any Party's or non-party's right to use and review its own documents and its own Confidential Information.

## 6.   <u>DURATION</u>

      6.1   Any Confidential Information or any information contained in or derived from Confidential Information shall be subject to the provisions of this Order until the Parties agree otherwise or upon order of this Court.

      6.2   This Order shall continue in effect with respect to any Confidential Information

until expressly released by the Designating Party and, if applicable, such effectiveness shall survive the final determination of this Litigation. Within sixty (60) days of the final determination of this Litigation, including any appeal, all Confidential Information produced by another Party shall be either (a) returned to the Disclosing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Disclosing Party. For purposes of this Order, the final determination of this Litigation shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this Litigation (excluding any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court); or (iii) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

6.3    This Section shall not apply to documents that were not produced by a Party but were created in the course of this Litigation and contain excerpts or references to Confidential Information, including legal briefs, letters, deposition transcripts, or pleadings prepared by counsel or Expert reports (*i.e.*, attorney files). Counsel for the Parties may keep copies of all such files, so long as these materials are kept confidential.

## 7.    CONFIDENTIAL INFORMATION IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Litigation as Confidential Information, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) business days after receiving the subpoena or order. Such

notification must include a copy of the subpoena or court order. The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this Litigation an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expense of seeking protection in that court of its Confidential Information—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

8.    **UNAUTHORIZED DISCLOSURE OF PROTECTED OR PRIVILEGED MATERIAL**

If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure. Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its best efforts to retrieve all copies of the Confidential Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons execute the form annexed hereto as Exhibit A.

If a Producing Party believes that any Discovery Material subject to any privilege, protection or other immunity ("Privileged Material") has been inadvertently produced, the Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production. After receiving notice of

11

the inadvertent production, a party must either (1) promptly return or destroy the inadvertently produced Privileged Material and any copies it has or (2) promptly notify the Producing Party that the material will not be returned and the Producing Party may then move the Court for the return of the material, provided that the Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity. If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed.

9.   **MISCELLANEOUS**

9.1   <u>Right of Further Relief</u>. Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge the opposing Party's efforts to limit the use of discovery or to oppose a Party's designation of Confidential Information under this Order.

9.2   <u>Right to Seek Modification</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

9.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

9.4   <u>No Probative Value</u>. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information. The fact that information is marked with a "CONFIDENTIAL" designation under the Order shall not be deemed to be determinative of what a trier of fact may determine to be

confidential or proprietary. The fact that any information with a confidentiality designation is disclosed, used, or produced in any Court proceeding in this Litigation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible or confidential. Any confidentiality designation shall be removed from any document before shown as a trial exhibit to a jury.

9.5    Use of Party's Own Materials. Nothing in this Order shall restrict a Party's ability to use and disclose its own designated material as it chooses. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-parties to disclose such material in violation of this Order.

9.6    Prior Orders. This Order shall not affect any prior order of the Court.

9.7    Public Documents. None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a Party from using any information that the Party properly possessed prior to receipt of any Confidential Information or items from the other Party that are or were discovered independently by the Receiving Party. The terms for the treatment of Confidential Information and items pursuant to the Order shall be effective only upon the entry of this Order.

Dated: March 10, 2022                         Respectfully submitted,
       New York, New York


HOLWELL SHUSTER & GOLDBERG LLP          WHITE & CASE LLP

/s/ *Vincent Levy*                              /s/ *Tara M. Lee*
Daniel Goldberg                              Tara M. Lee
Vincent Levy                                 Scott E. Lerner (*pro hac vice*)
Brian T. Goldman                             Hannelore Sklar

13

425 Lexington Ave.                        701 Thirteenth Street, NW
New York, NY 10017                        Washington, DC 20005
Telephone:     + 1 646 837 5151          Telephone:     + 1 202 626 3600
dgoldberg@hsgllp.com                      tara.lee@whitecase.com
vlevy@hsgllp.com                          scott.lerner@whitecase.com
bgoldman@hsgllp.com                       hannelore.sklar@whitecase.com

*Counsel for Plaintiffs*                  *Counsel for Defendants*


SO ORDERED.

Dated: March 14, 2022
          New York, New York

                                          _____
                                                 **ANALISA TORRES**
                                          **United States District Judge**