# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*646-837-5120*
*vlevy@hsgllp.com*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/2/2022

June 1, 2022

VIA ECF
Hon. Robert W. Lehrburger
United States Magistrate Judge, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: Request to Seal in *Farsura et al. v. QC Terme US Corp. et al.*, No. 21-cv-09030.

Dear Judge Lehrburger:

    I write on behalf of Plaintiffs in the captioned action to respectfully request that the Court issue an order permitting the filing under seal of Exhibits I and K to Defendants' May 20, 2022 letter (Dkt. 63), along with limited redactions to the letter itself containing references to the same (collectively, the "Sealed Materials").[1] Pursuant to Your Honor's Individual Rules and Practices, Plaintiffs have conferred with counsel for Defendants regarding the requested sealing, and Defendants take the position that no sealing is warranted.

    "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Mut. Marine Office, Inc. v. Transfercom Ltd.*, 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009). "First, the Court determines whether the relevant document is a 'judicial document.'" *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Second, "if it is a judicial document, the Court must determine the weight of th[e] presumption" of public access. *Id*. Third, "the Court must balance competing considerations." *Id.*

    Exhibits I and K reflect portions of a financial analysis constructed as part of Plaintiff Stefano Farsura's tax accounting for 2014, and reveal personal information, including, *inter alia*, the names of certain of Mr. Farsura's clients, along with a description of items purchased for clients and the value of these gifts. The Sealed Materials are not judicial documents, as neither the portions quoted in the letter nor the document more generally are relevant to the disposition of any claim or defense in this case, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

---

[1] The proposed redactions are reflected in the attached Ex. A. Yellow highlighting in the version of Ex. A filed under seal reflects the text that Plaintiffs seek to redact

Regardless, even if, *arguendo*, they are deemed judicial documents, the relative interests in favor of public access are relatively low given their attenuated connection to this case. *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."). The documents in question were provided to Defendants because, in a portion <u>not</u> relied upon by Defendants in their letter enclosing these documents, the documents refer to QC Terme and its principals. Defendants do not rely upon those portions of the documents but instead refer to discussions in those documents concerning Mr. Farsura's wife. But as explained before, this case has nothing to do with those matters.

On the flipside of the balance, whatever the (lack of) public interest in these documents, there are plainly compelling federal interests in favor of sealing the information. Federal law provides that tax returns and tax-return information "shall be confidential" save for circumstances not met here. *See generally* 26 U.S.C. § 6103. That same statute defines "return information" to encompass "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments." *Id*. at 6103(b)(2)(A). Exhibits I and K, which are worksheets created in preparation for tax filings, plainly cover the same ground, and the federal policy regarding the confidentiality of tax information should be afforded significant weight. *See also United States v. Tillman*, 2009 WL 976818, at *3 (S.D.N.Y. Apr. 6, 2009) ("The Court agrees that Section 6103 prioritizes the confidentiality of tax return information.").

Indeed, Courts have sealed tax-related and similar information on this basis. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *10 (S.D.N.Y. Jan. 22, 2008) (ordering sealing, and explaining that "the rationale underlying [Section 6103's] obligation is equally applicable in the instant case"); *Sterbens v. Sound Shore Med. Ctr.*, 2001 WL 1549228, at *3 (S.D.N.Y. Dec. 5, 2001) (personnel files containing health, financial, and personal data typically viewed as private and therefore subject to protective order preventing disclosure to public); *cf. Amodeo*, 71 F.3d at 1051 ("Financial records . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public").

For the reasons stated above, Plaintiffs respectfully request that the Court enter an Order sealing Exhibits I and K to Dkt. 63, and redacting the parts of Dkt. 63 that refer to and describe these two exhibits. Indeed, in this instance, "the privacy interests of those resisting disclosure" surely outweighs whatever minimal public interest there may be in access to aspects of Mr. Farsura's tax returns. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

Respectfully submitted,

/s/ *Vincent Levy*
Vincent Levy

SO ORDERED:

6/2/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE