WHITE & CASE

August 4, 2022

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___8/11/2022___

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

**whitecase.com**

**Re: *Farsura v. QC Terme US Corp.*, 21-cv-9030-AT-RWL (S.D.N.Y.)**

Dear Judge Lehrburger:

Recently, Defendants filed a letter to the Court (ECF No. 103) in response to Plaintiffs' letter (ECF No. 98) challenging Defendants' privilege claims. Pursuant to Rule B of Your Honor's Rules for Redactions and Filing Under Seal, I write on behalf of Defendants to request that the Court enter an order sealing Exhibit A to ECF No. 103 and redacting the portion of ECF No. 103 that quotes from that exhibit.[1] The parties have conferred regarding this issue as required, and Plaintiffs oppose Defendants' request.[2] Sealing of Exhibit A is warranted because it is not a judicial document to which any public right of access attaches, and because it contains sensitive business information of the type that courts in this Circuit have routinely sealed.

According to the Second Circuit, a public right of access may attach to certain documents under the common law or the First Amendment. For the common-law right to attach, a court must first conclude that the document at issue is a "judicial document," meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If a court determines that a document is a "judicial document," it must then assess the weight of that presumption and "balance competing considerations against it." *Id.* at 120. To overcome a First Amendment right of access, a party seeking sealing must show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossman*, 814 F.3d 132, 144 (2d Cir. 2016).

**I.      Exhibit A Is Not a Judicial Document to Which Any Public Right of Access Attaches**

Under either the common law or the First Amendment, there is no public right of access to Exhibit A because it is not a "judicial document." It is well established that "discovery materials filed with the court in connection with discovery-related disputes are not covered by the qualified right of access." *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see also, e.g.*, *Winfield v. City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) ("This Court likewise holds that documents filed with the court in connection with discovery-related disputes

---

[1] Specifically, Defendants request that the parenthetical on page 1 of the letter describing and quoting from Exhibit A be redacted, as it is in the public version of the letter filed at ECF No. 102.

[2] Both parties, however, agree that Exhibit B should be unsealed and that the portion of the letter quoting from Exhibit B should be unredacted.

August 4, 2022

are not judicial documents."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) (holding that there is no presumptive right of access "as to discovery motions and their supporting documents").  Courts follow this approach because they recognize that "the purpose of the discovery rules—to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field—might be undermined" by "allowing unfettered public access to discovery materials." *Smith*, 985 F. Supp. 2d at 520.

Exhibit A is clearly not a judicial document under this standard.  The exhibit consists of a translation of minutes of a meeting of the QC Terme executive committee that took place in October 2017.  It was produced in discovery and then was submitted to the Court in connection with a discovery-related dispute—namely, whether to sustain or reject Plaintiffs' challenges to Defendants' privilege assertions.  It was cited in Defendants' letter response for the narrow purpose of establishing when litigation was anticipated such that the common-interest privilege would apply to certain communications among Defendants.  Unlike with pleadings (*see Bernstein*, 814 F.3d at 140) or materials attached to summary-judgment briefing (*see Lugosch*, 435 F.3d at 124), Exhibit A relates not to the adjudication of any merits issue between the parties but instead only to whether the disclosure of material during discovery was proper.  Accordingly, it falls squarely outside the realm of any presumption of public access.  *See, e.g.*, *United States v. Wolfson*, 55 F.3d 58, 61 (2d Cir. 1995) ("We are not aware . . . of any common-law principle that documents submitted to a court *in camera* for the sole purpose of confirming that the refusal to disclose them to another party was proper, are to be deemed judicial records open to the public.")

## II.      Sealing of Exhibit A Is Appropriate Under Any Standard

Further, even assuming that a public right of access applied, sealing of Exhibit A would still be appropriate.  *First*, the weight of any presumption of access is low in this case given the lack of connection between the exhibit and the parties' ultimate claims and defenses.  *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.").

*Second*, Exhibit A contains confidential business information, and "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also, e.g.*, *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (concluding that common-law and First Amendment rights of public access were overcome and granting request to seal with respect to "highly confidential sales information, including pricing information" and "emails revealing confidential negotiations between Skyline and one of its customers"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal with respect to exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" on grounds "that the privacy interests of the defendants outweigh the presumption of public access").  Indeed, Defendants produced the original, Italian-language version of this document during discovery and designated it as "CONFIDENTIAL" under the Protective Order governing this case.  *See* ECF No. 38.  Plaintiffs had a mechanism available to them under the Protective Order to challenge this designation, but did not do so.  *See id.* § 5.1.

WHITE & CASE

August 4, 2022

Exhibit A contains non-public financial information regarding QC Terme of the type that is routinely sealed.  The document contains financial projections for elements of the QC Terme business, along with detailed descriptions of future business strategies, key corporate decisions, and contracts with third parties.  This information "is commercially sensitive, potentially harmful, and . . . the document should be sealed to prevent competitors from utilizing this information to harm" QC Terme.  *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal document containing information regarding development and marketing strategies, pricing information, and financial projections).

\*       \*       \*

For these reasons, Defendants respectfully request that the Court enter an order sealing Exhibit A to ECF No. 103 and redacting the portion of ECF No. 103 that quotes from that exhibit.

Sincerely,

/s/ *Tara M. Lee*
Tara M. Lee

The Court has reviewed the subject material, and the request to seal is granted.

SO ORDERED:

_____  8/11/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE