USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEFANO FARSURA, et al.,

                Plaintiffs,

      - against -

QC TERME UC CORP, et al.,

                Defendants.
-------------------------------------------------------------X

21-cv-9030 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge**

    This order resolves discovery issues raised at Dkt. 156 (Stefano QC email and deposition), Dkt. 161 (Ortega email), and Dkt. 165 (Jordan communications):

    **Stefano QC email and deposition:** Plaintiff's request to compel the deposition of Stefano QC and production of the Stefano QC – White Bridge email is DENIED for substantially the reasons set forth in Defendant's response at Dkt. 156.

    **Ortega email:** Defendant's request to compel production of the Ortega email and attachment (P013 and P013.1) is DENIED for substantially the reasons set forth in Plaintiff's response at Dkt. 167.

**Jordan communications:** Defendant's request to compel the production of the Jordan communications (Priv. Log 51-54) is GRANTED solely with respect to the communications between only Mr. Farsura and Ms. Jordan and shall not include any of the communications with Mr. Farsura's attorneys. Farsura asserts that the communications are protected by the New York marital privilege. (Farsura does not attempt in his September 20, 2022, response to defend the communications as protected

by either attorney-client privileged or work product despite the appearance of those terms in Farsura's privilege log.) The Court agrees with Plaintiff that the communications in question are not communications about ordinary business matters. A presumption applies that the marital privilege applies. As Defendant correctly argues, however, the presumption can be overcome and the privilege waived as a result of a spouse's communication through her employer's email system, which is precisely what happened here; Ms. Jordan responded to Mr. Farsura's email using her employee email address. More specifically, "[t]he presumption of confidentiality can be rebutted by a showing that the spousal communications were transmitted through an email account that could be read or otherwise monitored by third parties, such that the sending spouse had no reasonable expectation of privacy." *Shih v. Petal Card, Inc.*, 565 F. Supp.3d 557, 572 (S.D.N.Y. 2021) (internal quotation marks and brackets omitted) (quoting *Reserve Fund Securities & Derivative Litigation*, 275 F.R.D. 154, 159 (S.D.N.Y. 2011)). To determine whether a spouse has a reasonable expectation of privacy when using her employer's email system, courts in New York apply a four-factor test set forth in *In re Asia Global Crossing, Ltd.*, 322 B.R. 247 (Bankr. S.D.N.Y. 2005). *Shih*, 565 F.Supp.3d at 572. Those four factors are: "(1) does the [employer] maintain a policy banning personal or other objectional use, (2) does the company monitor the use of the employee's computer or e-mail, (3) do third parties have a right of access to the computer or e-mails, and (4) did the corporation notify the employee, or was the employee aware, of the use and monitoring policies?" *Asia Global Crossing*, 322 B.R. at 257. Here, those factors demonstrate that Jordan had no reasonable expectation of privacy. Her employee manual expressly states that employees have "no expectation of privacy," that all contents of the employer's IT

system are the property of the employer, that the employer "expressly reserves the right to access, monitor, review, … disclose … without further notice, every user's activities on the IT Resources, including, but not limited to … email (both outgoing and incoming) …." (Dkt. 141-5 at ECF 4.) Even though the policy does not purport to prohibit personal email (although it does prohibit unlawful use), the express warnings of the employer's control over Jordan's email, including that Jordan had no expectation of privacy, in email sent via the employer's system clearly demonstrate that Jordan did not have a reasonable expectation of privacy. Accordingly, the Jordan communications, other than any communications with counsel or sharing of advice of counsel, must be produced.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 22, 2022
New York, New York

Copies transmitted this date to all counsel of record.