USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED: 9/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEFANO FARSURA, et al.,

                Plaintiffs,

      - against -

QC TERME UC CORP, et al.,

                Defendants.
-----------------------------------------------------------------X

21-cv-9030 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge**

      This order resolves Defendant's request at Dkt. 172 regarding Plaintiff Farsura's financial information. Defendant incorrectly faults Plaintiff for not complying with this Court's Order at Dkt. 145. Plaintiff complied with the Court's order, providing summary "information" sufficient to show Plaintiff's financial assets and creditworthiness for the given years. While the order contemplated potential production of such summary documents "to the extent they exist," that same directive necessarily contemplated the possibility that such comprehensive summary documents may not exist. The information provided by Plaintiff at FAR00097575-97583 appears quite comprehensive. That said, Defendant is correct that the purpose of the information provided is for Defendant to be able to test Plaintiff's alleged representations regarding assets and creditworthiness. A lawyer's summary alone does not sufficiently accomplish that; nor does one based so extensively on "estimates" without further explanation or supporting documentation. Accordingly, the parties shall proceed with Mr. Farsura's deposition as scheduled. At the deposition, Defendant may ask questions about the financial information provided

including, for example, the basis for estimates given and the sources of various dollar amounts included in the information. Mr. Farsura should be fully prepared to answer such questions about the financial information. Moreover, Mr. Farsura must swear to the truth of the financial information provided by counsel (as he would at deposition in any event), or explain why he cannot. Depending on what Defendant learns at the deposition, it may be appropriate for (1) Defendant to make follow-up discovery requests regarding the financial information, and/or (2) recall Mr. Farsura for follow-up deposition time to address any such follow-up discovery. Whether that will be justified remains to be seen. As to the October 7, 2022 close of fact discovery, the Court will allow follow-up discovery regarding Plaintiff's financial information to be taken beyond that date. If after Mr. Farsura's October 3, 2022 deposition the parties cannot agree on whether follow-up financial discovery is warranted, they should fully meet and confer and raise the issue with the Court. To the extent not addressed by the foregoing, Defendant's letter motion is denied.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 23, 2022
　　　　New York, New York

Copies transmitted this date to all counsel of record.