USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEFANO FARSURA, et al.,

                 Plaintiffs,

    - against -

QC TERME UC CORP, et al.,

                 Defendants.
------------------------------------------------------------X

21-cv-9030 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge**

    This order resolves the discovery dispute raised by Plaintiffs at Dkt. 178/179 and to which Defendants responded at Dkt. 186/187.

    1.    Defendants' understanding of the Court's order at Dkt. 159 is correct; the order identified two separate and independent bases to withhold documents as protected.

    2.    The Court also agrees with Defendants that Ms. Gala and Ms. Bigi are appropriately considered within the White Bridge control group.

    3.    The Court disagrees with Defendants, however, that all communications between QCTerme/White Bridge and transactional attorneys, such as Mr. Kuhn, necessarily are subject to attorney-client privilege or work product protection. If business advice, not legal advice, is provided in the communications, then they are not privileged regardless of who the communications are shared with and regardless if they were made after the time when potential litigation with Plaintiffs was contemplated. And the fact that the transaction documents and comments about the transaction documents may have been made as the result of an overall larger legal strategy does not alone make them

privileged or subject to work product protection.

4. The clawed-back documents, Exhibits D and E to Dkt. 179, appear largely to provide legal advice and or request legal advice in regard to drafting, structuring, and executing documents for a corporate transaction related to the instant dispute. To that extent, the documents are protected and were properly clawed back. That said, the email between Francesco Varni and Giulia Bigi dated September 1, 2020 in Exhibit D is not a communication with counsel. The copy filed with the Court appears only in Italian, so the Court cannot assess whether the email may relay attorney-client advice between those two individuals. The Court agrees with Plaintiff, however, that at least the following translated portion is not protected and should be disclosed: "tomorrow the lawyer from Farsura will receive the promissory note of 110kUSD, corresponding to 22%. Let's see what the reaction will be. I believe that he will ask for payment, possibly with reservations." The parties shall meet and confer about the remainder of that email to determine whether they agree on the extent to which any or all of the remaining portion of the email is subject to protection or production based on the Court's foregoing rulings. If a dispute remains after the parties meet and confer, the parties may raise the issue with the Court (in which case the parties must provide a full translation of the email).

SO ORDERED

10/7/2022

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2022
      New York, New York

Copies transmitted this date to all counsel of record.