UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEFANO FARSURA and
SF CAPITAL PARTNERS LLC,

                Plaintiffs,

-against-

QC TERME US CORP.

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **11/8/2022**

21 Civ. 9030 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Stefano Farsura and SF Capital Partners LLC ("SF Capital Partners") bring this action against Defendant, QC Terme US Corp., alleging, *inter alia*, breach of contract for freezing Farsura out of the parties' spa business. Order at 1, ECF No. 163 (citing Compl. ¶¶ 1, 6, ECF No. 1-2). On February 2, 2022, Defendant moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 34. On September 13, 2022, the Court issued an order (the "Order") granting Defendant's motion with respect to all of Plaintiffs' claims except for their breach of contract claim against QC Terme US Corp.[1] *See generally* Order. Plaintiffs move for clarification of the Order, or, in the alternative, reconsideration of the Court's dismissal of Plaintiffs' breach of fiduciary duty claim (the "Fiduciary Duty Claim"). ECF No. 181. For the reasons stated below, Plaintiffs' motion for clarification is DENIED, Plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part, Defendant's motion to dismiss the Fiduciary Duty Claim is GRANTED in part and DENIED in part, and the Fiduciary Duty Claim is REINSTATED as limited in this order.

---

[1] Plaintiffs brought causes of action against three other defendants: MAP s r.l., Whitebridge Investments S.p.A., and Giuturna Investments S.p.A. Compl. The Order granted Defendant's motion to dismiss the complaint for lack of personal jurisdiction over these three defendants. Order at 7–12.

# DISCUSSION[2]

I. <u>Legal Standard</u>

A motion for clarification, "[u]nlike a motion for reconsideration, . . . is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *McCaffrey v. Gatekeeper USA, Inc.*, No. 14 Civ. 493, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022) (citation omitted). There is no Federal Rule of Civil Procedure specifically governing motions for clarification. *Nortek Inc. v. ITT LLC*, No. 21 Civ. 3999, 2022 WL 2657189, at *1 (S.D.N.Y. July 8, 2022) (citation omitted). "When a ruling is unambiguous[,] clarification generally will be denied." *McCaffrey*, 2022 WL 1321494, at *1 (citation omitted).

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of New York*, 982 F.2d 73, 76 (2d Cir. 1992) (quotation marks and citation omitted). Motions for reconsideration are not to be used to relitigate old issues, present new theories, secure a rehearing on the merits, or take "a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

II. <u>Analysis</u>

Plaintiffs argue that the Order is ambiguous because it "appears to leave open the possibility that Defendant could both (i) prevail on [the breach of contract claim] by proving (at a later stage) that the unsigned Operating Agreement[3] is not binding, while (ii) at the same time,

---

[2] The Court presumes familiarity with the facts and procedural history outlined in the Order. Order at 2–6.
[3] The Operating Agreement, dated August 2, 2017, is appended to the complaint as Exhibit A. Compl. Ex. A.

2

have (already) prevailed on [the Fiduciary Duty Claim] on the basis that the Operating Agreement is binding (and waives all fiduciary duties)." Recon. Mot. at 2 (emphases omitted), ECF No. 184. Plaintiffs, citing the doctrine of judicial estoppel, ask that Defendant be "foreclosed from disputing the . . . Operating Agreement's validity." *Id.* at 2–3. Because the Court's order is unambiguous, Plaintiffs' motion for clarification is DENIED. *McCaffrey*, 2022 WL 1321494, at *1.

Plaintiffs also request that the Court "reconsider its decision granting dismissal of [the Fiduciary Duty Claim]." Recon. Mot. at 7. Plaintiffs argue that their breach of contract and breach of fiduciary duty claims "are pleaded in the alternative [under Rule 8(d)(2)], and where, as in this case, Defendant disputes the enforceability of the agreement, a fiduciary-duty claim should not be dismissed at the pleading stage on the basis of provisions in the agreement." *Id.* at 8–9. Under Rule 8(d)(2), "[a] party may set out [two] or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

The Court agrees with Plaintiffs that reconsideration is appropriate, although not for the reasons Plaintiffs offer. At the outset, Plaintiffs cite inapposite caselaw and do not identify controlling decisions that the Court overlooked. Recon. Mot. at 8. The Order recognizes that the Delaware Limited Liability Company Act ("LLC Act") creates default fiduciary duties in manager-managed LLCs in the absence of a contract. Order at 15–16; Recon. Mot. at 3. In the Order, the Court rejected Plaintiffs' arguments which contradicted the terms of the alleged contract Plaintiffs seek to enforce through this action. Order at 16–17. At no point did the Court "adopt[] . . . arguments offered by Defendant." Recon. Mot. at 1; Reply at 3, ECF No. 199.[4] It assessed

---

[4] The Court cautions Plaintiffs against blurring the line between advocacy and misrepresentation.

the sufficiency of Plaintiffs' allegations in the complaint and the Operating Agreement. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

Plaintiffs argue that "[t]he complaint makes clear . . . that the fiduciary duties alleged to have been breached arise either from the Operating Agreement or from a source separate and apart from it—*i.e.*, 'law and equity, including but not limited to [the LLC] Act.'" Reply at 5 (citing Compl. ¶ 153). The complaint, however, does not clearly raise the Fiduciary Duty Claim in the alternative to Plaintiffs' contract claim, and Plaintiffs did not argue as much in their opposition papers to Defendant's motion to dismiss. *See generally* ECF No. 36. The complaint alleges the following:

> 153. The fiduciary duties owed by Defendant QC Terme US Corp. to Plaintiff SF Capital Partners arise from law and equity, including but not limited to [the LLC] Act.
>
> 154. Defendant QC Terme US Corp.'s fiduciary duties also arise from provisions of the Operating Agreement, including but not limited to Sections 3.05 and 3.06(a), each of which impose a fiduciary standard of entire fairness on Defendant QC Terme US Corp.'s dealings toward Plaintiff SF Capital Partners.

Compl. ¶¶ 153–54.[5] These allegations do not suggest that the Operating Agreement is not binding. *See, e.g.*, Recon. Mot. at 1. The Court's analysis does not consider whether Defendant disputes the existence of a contract, Recon. Mot. at 7, but rather whether Plaintiffs offer a sufficient factual basis for alternative pleading, *see Kamdem-Ouaffo v. Pepsico, Inc.*, No. 14 Civ. 227, 2015 WL 1011816, at *13 (S.D.N.Y. Mar. 9, 2015). Here, Plaintiffs allege that the fiduciary duties Defendant owed SF Capital Partners stemmed from law and equity as well as provisions of a binding contract. The terms of the Operating Agreement, however, specifically disclaim fiduciary duties between Plaintiffs and Defendant. Order at 16–17 (citing Compl. Ex. A § 7.08(b)). The

---

[5] The parties focus on these paragraphs of the complaint in their briefing. Recon. Mot. at 1, 8; Reply at 5; Opp. at 3, 5, 10, 15, ECF No. 195.

4

Court properly dismissed Plaintiffs' fiduciary duty claim on that theory as duplicative of Plaintiffs' contract claim. *Id.* at 17.

But, irrespective of the parties' assertions, when evaluating a Rule 12(b)(6) motion to dismiss, the Court must draw all inferences in favor of the non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). It is in the Court's discretion to reconsider any of its decisions under Rule 54(b) to avoid clear error or manifest injustice. Fed. R. Civ. P. 54(b). After a searching review of the complaint and the record, the Court finds that Plaintiffs have pleaded a breach of fiduciary duty claim in the alternative. Specifically, Paragraph 114 of the complaint, which neither party has discussed in the motion to dismiss or the motion for reconsideration briefing, alleges that:

> QC Terme US Corp., as the majority member of the limited liability company QC Terme US Holding, . . . owed fiduciary duties to SF Capital Partners, as minority shareholder in QC Terme US Holding. Those fiduciary duties, which arise out of law and equity, including the [LLC Act] or other sources, applied to the conduct here *whether or not the Operating Agreement was in force*.

Compl. ¶ 114 (emphasis added). The Court construes this paragraph, read in conjunction with Paragraph 153 of the complaint, as sufficiently pleading a breach of fiduciary duty claim in the alternative. The Court shall, therefore, reconsider its decision to dismiss the Fiduciary Duty Claim. Accordingly, Plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part.

On reconsideration, the Court concludes that Plaintiffs have stated a breach of fiduciary duty claim against Defendant. Plaintiffs have sufficiently alleged, in the event that the Operating Agreement is not binding, the existence of a fiduciary duty under the LLC Act and breach of that duty by Defendant. *Marino v. Grupo Mundial Tenedora, S.A.*, 810 F. Supp. 2d 601, 607 (S.D.N.Y. 2011). The Court shall allow this cause of action to proceed as having been pleaded in the alternative under Rule 8(d) at this stage. *In re Am. Bus. Fin. Servs., Inc.*, 384 B.R. 66, 72–73

(Bankr. D. Del. 2008); *In re Fruehauf Trailer Corp.*, 369 B.R. 817, 828–32 (Bankr. D. Del. 2007). The Court shall not modify the other findings in the Order concerning duplicative allegations in the complaint. Accordingly, Defendant's motion to dismiss the Fiduciary Duty Claim is GRANTED in part and DENIED in part, and the Fiduciary Duty Claim is REINSTATED as described in this order.[6]

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for clarification is DENIED, Plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part, Defendant's motion to dismiss Plaintiffs' Fiduciary Duty Claim is GRANTED in part and DENIED in part, and Plaintiffs' Fiduciary Duty Claim is REINSTATED as limited in this order.

In addition, Plaintiffs' request to seal at ECF No. 180 is DENIED because Defendant did not move within three days of the filing to keep its materials under seal.

The Clerk of Court is directed to terminate the motions at ECF Nos. 180 and 181, and to modify the viewing level at ECF Nos. 183 and 185 to public.

SO ORDERED.

Dated: November 8, 2022
    New York, New York

ANALISA TORRES
United States District Judge

---

[6] Defendant raises a statute of limitations defense against the breach of fiduciary duty claim in its opposition papers. Opp. at 16. This argument is not properly before the Court in opposition to a motion for reconsideration. *See Analytical Surveys, Inc.*, 684 F.3d at 52. Therefore, the Court shall not address that argument.