WHITE & CASE

December 5, 2022

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/5/2022

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

**Re: *Farsura v. QC Terme US Corp.*, No. 21-cv-9030-AT-RWL (S.D.N.Y.)**

Dear Judge Lehrburger:

Recently, Defendant QC Terme US Corp. filed a letter to the Court (ECF No. 227) requesting full briefing on Plaintiffs' motion for leave to amend their Complaint. Pursuant to Rule B of Your Honor's Rules for Redactions and Filing Under Seal, I write on behalf of QC Terme US to request that the Court enter an order sealing Exhibits A and B to ECF No. 227. The parties have conferred regarding this issue as required, and Plaintiffs do not object to these materials being kept under seal. Sealing of these exhibits is warranted because they contain sensitive business information of the type that courts in this Circuit have routinely sealed and that Your Honor has sealed in this same matter.

According to the Second Circuit, a public right of access may attach to certain documents under the common law or the First Amendment. For the common-law right to attach, a court must first conclude that the document at issue is a "judicial document," meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If a court determines that a document is a "judicial document," it must then assess the weight of that presumption and "balance competing considerations against it." *Id.* at 120. To overcome a First Amendment right of access, a party seeking sealing must show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).

Exhibits A and B both contain commercially sensitive information that should be kept under seal ***even if*** the Court concludes that they are judicial documents and a public right of access applies to them. Your Honor has recognized the imperative to keep such information under seal in granting a previous motion to seal in this matter regarding a document containing financial projections and descriptions of strategies for the QC Terme business. *See* ECF No. 127 at 3. More generally, "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal with respect to exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" on grounds "that the privacy interests of the defendants outweigh the presumption of public access"). Both documents were designated "Confidential" by the parties. Plaintiffs themselves produced one of the documents as "Confidential," and did not challenge Defendant's "Confidential" designation with respect to the other one under the mechanism provided for by the Protective Order. *See* ECF No. 38 § 5.1.

December 5, 2022

The documents at issue contain non-public financial information regarding QC Terme US and the previously dismissed Defendants of the type that is regularly sealed. Exhibits A and B both consist of investment documents completed by White Bridge regarding the QC Terme business. They contain highly detailed financial information, including balance sheets, profit-and-loss statements, and future business plans and projections. This type of information is "commercially sensitive, potentially harmful, and . . . the document[s] should be sealed to prevent competitors from utilizing this information to harm" QC Terme or White Bridge, as courts have routinely concluded in similar situations. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal document containing "pricing information as well as a chart detailing" future financial projections); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (concluding that common-law and First Amendment presumptions of public access were overcome and granting request to seal with respect to "highly confidential sales information, including pricing information").

*   *   *

For the reasons stated above, QC Terme US requests that the Court enter an order sealing Exhibits A and B to ECF No. 227.

Respectfully,

/s/ *Tara M. Lee*
Tara M. Lee

Granted.

SO ORDERED:

12/5/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE