UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEFANO FARSURA and SF CAPITAL PARTNERS LLC,

                        Plaintiffs,

     - against -

QC TERME US CORP.,

                        Defendant.
------------------------------------------------------------X

21-CV-9030 (AT) (RWL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2022

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      On November 21, 2022, this Court issued a decision and order granting Plaintiffs Stefano Farsura and SF Capital Partners, LLC (collectively "Plaintiffs" or "Farsura"), leave to amend the complaint (the "Amend Order") to add allegations aimed at establishing personal jurisdiction over the Italian entities that have been dismissed from the case (the "Italian Defendants"). (Dkt. 223.) On November 23, 2022, Defendant QC Terme US Corp. ("Defendant" or "QC Terme") filed a letter motion to vacate the Amend Order. (Dkt. 227.) Plaintiffs filed an opposing letter on November 29, 2022 (Dkt. 233), and, at this Court's invitation, Defendant filed a reply on December 2, 2022 (Dkt. 238).

      As Plaintiff correctly observes, Plaintiff's motion is effectively a motion for reconsideration, and "[i]t is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *National Union Fire Insurance Co. of Pittsburgh, PA v. Las Vegas Professional Football Ltd. Partnership*, 409 F. App'x 401, 403 (2d Cir. 2010) (internal quotation marks and

1

citation omitted). That said, Defendant complains that it did not have the opportunity for full briefing of the issue and would have presented the additional facts had it had an opportunity for full briefing. The Court is somewhat skeptical of that contention -- during argument, the Court expressly stated that it intended to decide the motion to amend (not merely the request for a conference) on the record it had. (Nov. 17, 2022 Tr. 4:7-12.) Defendant did not object, did not state that it had withheld any arguments, and did not request any further briefing. Nor did the Court truncate Defendant's opportunity to present argument. To the contrary, the Court gave Defendant the "opportunity for any last comments." (*Id.* 23:7-9.)

Ultimately, however, the Court is persuaded that its decision was based on an incomplete record and that reconsideration is warranted. Accordingly, the Court will receive more fulsome briefing from the parties. Accordingly, (1) Plaintiff's motion to "vacate" is denied; (2) the Court's decision at Dkt. 223 granting permission to amend shall be held in abeyance pending reconsideration; (3) the time for responding to the amended complaint is stayed pending reconsideration; and (4) Plaintiff shall file a formal motion to amend by December 20, 2022; Defendant shall file any opposition by January 6, 2023; and Plaintiff shall file any reply by January 20, 2023.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 227.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 6, 2022
New York, New York