**WHITE & CASE**

December 13, 2022

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2022

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

**Re:** *Farsura v. QC Terme US Corp.*, No. 21-cv-9030-AT-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Recently, Defendant QC Terme US Corp. filed a reply letter to the Court (ECF No. 238) in support of its request for full briefing on Plaintiffs' motion for leave to amend their Complaint. Pursuant to Rule B of Your Honor's Rules for Redactions and Filing Under Seal, I write on behalf of QC Terme US to request that the Court enter an order sealing Exhibits 3, 8, 13, 14, 20, 21, 25, and 26 to ECF No. 238 and the corresponding certified English translations at ECF Nos. 242-3 (Exhibit 3), 242-9 (Exhibit 21), and 242-10 (Exhibit 25). QC Terme US conferred with Plaintiffs via email on December 8 informing them of its plans to move to seal regarding these exhibits and inviting Plaintiffs to provide a response by December 12. Plaintiffs did not respond, nor did they otherwise object to QC Terme US's stated plans. Sealing of these exhibits is warranted because they contain sensitive business information of the type that courts in this Circuit have routinely sealed and that Your Honor has sealed on multiple occasions in this same matter.

According to the Second Circuit, a public right of access may attach to certain documents under the common law or the First Amendment. For the common-law right to attach, a court must first conclude that the document at issue is a "judicial document," meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If a court determines that a document is a "judicial document," it must then assess the weight of that presumption and "balance competing considerations against it." *Id.* at 120. To overcome a First Amendment right of access, a party seeking sealing must show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).

The exhibits in question here all contain commercially sensitive information that should be kept under seal ***even if*** the Court concludes that they are judicial documents and a public right of access applies to them. Your Honor has recognized the imperative to keep such information under seal in granting two previous motions to seal in this matter regarding documents containing financial projections, balance sheets, profit-and-loss statements, and future plans for the QC Terme business. *See* ECF No. 127 at 3; ECF No. 240 at 2. More generally, "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal with respect to exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" on grounds "that the privacy interests of the defendants outweigh the presumption

December 13, 2022

of public access"). All of the documents at issue were designated "Confidential" by the parties. For the documents Plaintiffs themselves produced, they did so as "Confidential"; for those QC Terme US produced, Plaintiffs did not challenge the "Confidential" designation under the mechanism provided for by the Protective Order. *See* ECF No. 38 § 5.1.

The documents at issue contain non-public financial information regarding QC Terme US and the previously dismissed Defendants of the type that is regularly sealed, and in some instances has already been sealed in this case. Specifically:

- Exhibits 20 and 21 consist of documents prepared by White Bridge regarding its investment in QC Terme, which contain highly detailed financial information, including balance sheets, profit-and-loss statements, and future business plans and projections. This Court has previously sealed these same documents in an earlier filing. *See* ECF No. 240 at 2 (granting motion to seal ECF No. 227-1 and ECF No. 227-2).

- Exhibits 13, 25, and 26 similarly contain detailed financial information regarding the QC Terme business. This includes, for example, financial assumptions for the operating budget and anticipated pricing for the Governors Island site (Exhibit 13); historical information regarding QC Terme's European sites and financial projections for Governors Island (Exhibit 25); and a balance sheet for MAP s.r.l. (Exhibit 26). This type of information is "commercially sensitive, potentially harmful, and . . . the document[s] should be sealed to prevent competitors from utilizing this information to harm" QC Terme, as courts have regularly concluded in analogous situations. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal document containing "pricing information as well as a chart detailing" future financial projections); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (concluding that common-law and First Amendment presumptions of public access were overcome and granting request to seal with respect to "highly confidential sales information, including pricing information").

- Exhibits 3, 8, and 14 contain or describe details of contracts entered into by QC Terme entities, including a retainer agreement (Exhibit 3), which also contains bank account information required to be redacted under Federal Rule of Civil Procedure 5.2(a); the terms of a loan agreement between QC Terme US and MAP (Exhibit 8); and details regarding a credit agreement between MAP and two Italian banks (Exhibit 14). The risk of competitive harm presented by the disclosure of "contractual terms" is the type of interest that will support granting a motion to seal. *Rubik's Brand*, 2021 WL 1085338, at *1 (granting motion to seal regarding terms of licensing agreements).

\*   \*   \*

For the reasons stated above, QC Terme US requests that the Court enter an order sealing Exhibits 3, 8, 13, 14, 20, 21, 25, and 26 to ECF No. 238 and the corresponding certified English translations at ECF Nos. 242-3, 242-9, and 242-10.

2

**WHITE & CASE**

December 13, 2022

Respectfully,

/s/ *Tara M. Lee*
Tara M. Lee

Granted.

SO ORDERED:

12/14/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE