USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/3/2023

**WHITE & CASE**

January 3, 2023

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

**Re:** *Farsura v. QC Terme US Corp.*, No. 21-cv-9030-AT-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Recently, Plaintiffs filed a motion for leave to amend their Complaint. Along with that filing, they filed a supporting declaration (ECF No. 250) containing a number of accompanying exhibits. Pursuant to Rule B of Your Honor's Rules for Redactions and Filing Under Seal, I write on behalf of QC Terme US to request that the Court enter an order sealing Exhibits F, N, P, S, and T to ECF No. 250. QC Terme US has conferred with Plaintiffs regarding this request, and Plaintiffs do not oppose keeping these materials under seal. Sealing of these exhibits is warranted because they contain sensitive business information of the type that courts in this Circuit have routinely sealed and that Your Honor has sealed on multiple occasions in this same matter, including some of the same exact documents that Your Honor has previously sealed.

According to the Second Circuit, a public right of access may attach to certain documents under the common law or the First Amendment. For the common-law right to attach, a court must first conclude that the document at issue is a "judicial document," meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If a court determines that a document is a "judicial document," it must then assess the weight of that presumption and "balance competing considerations against it." *Id.* at 120. To overcome a First Amendment right of access, a party seeking sealing must show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).

The exhibits in question here all contain commercially sensitive information that should be kept under seal ***even if*** the Court concludes that they are judicial documents and a public right of access applies to them. Your Honor has recognized the imperative to keep such information under seal in granting three previous motions to seal in this matter regarding documents containing financial projections, balance sheets, profit-and-loss statements, future plans for the QC Terme business, and contracts entered into with third parties. *See* ECF No. 127 at 3; ECF No. 240 at 2; ECF No. 245 at 3. More generally, "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal with respect to exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" on grounds "that the privacy interests of the defendants outweigh the presumption of public access"). QC Terme US designated all of these documents as "Confidential" when it produced them; Plaintiffs did not challenge the

January 3, 2023

"Confidential" designation for any of them under the mechanism provided for by the Protective Order.  See ECF No. 38 § 5.1.

The documents at issue contain non-public financial information regarding QC Terme US and the previously dismissed Defendants of the type that is regularly sealed, and in most instances has already been sealed in this case.  Specifically:

- Exhibits F and P contain detailed financial information regarding the QC Terme business.  One (Exhibit F) is a document prepared by White Bridge regarding its investment in QC Terme; the other (Exhibit P) consists of minutes from an October 2017 meeting of the QC Terme executive committee.  Their contents include balance sheets and profit-and-loss statements, along with descriptions of future business strategies and key corporate decisions.  This Court has already sealed these documents, or similar versions of them, in previous decisions.  See ECF No. 127 at 3; ECF No. 240 at 2.

- Exhibits N, S, and T contain or describe details of contracts or payments made by QC Terme entities, including a loan agreement between QC Terme US and MAP (Exhibit N); descriptions of a credit agreement between MAP and two Italian banks (Exhibit T); and a bank statement describing payment to a third party (Exhibit S).  The risk of competitive harm presented by the disclosure of "contractual terms" is the type of interest that will support granting a motion to seal.  *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal regarding terms of licensing agreements).  Indeed, this Court has already recognized as much in sealing Exhibits N and T in a prior order.  See ECF No. 245 at 2–3.

\*    \*    \*

For the reasons stated above, QC Terme US requests that the Court enter an order sealing Exhibits F, N, P, S, and T to ECF No. 250.

Respectfully,

/s/ *Tara M. Lee*
Tara M. Lee

Granted.

SO ORDERED:

1/3/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE