**WHITE & CASE**

January 19, 2023

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/2023

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

Re: *Farsura v. QC Terme US Corp.*, No. 21-cv-9030-AT-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Recently, Plaintiffs filed a motion for leave to amend their Complaint. On January 6, 2023, QC Terme US and the dismissed Italian Defendants, respectively, filed memoranda (ECF Nos. 254 and 256) in opposition to Plaintiffs' motion, along with accompanying exhibits that were filed under seal. For the Court's convenience, the documents attached to ECF No. 254 were grouped together into compilation exhibits based on the paragraphs of Plaintiffs' proposed First Amended Complaint to which their contents correspond. Pursuant to Rule B of Your Honor's Rules for Redactions and Filing Under Seal, I write on behalf of QC Terme US and the dismissed Italian Defendants[1] to request that the Court enter an order sealing Exhibit E to ECF No. 256, along with the following documents associated with ECF No. 254:

- FAR00089604 (Exhibit A (ECF No. 254-2) at 66–76);

- FAR00015582, FAR00044518, FAR00044526, FAR00060455, and FAR00034541 (Exhibit B (ECF No. 254-3) at 26–28, 59–70);

- Exhibit C (ECF No. 254-4);

- QCT00045488 and FAR00041698 (Exhibit D (ECF No. 254-5) at 1–20);

- FAR00090073 (Exhibit E (ECF No. 254-6) at 19–32);

- QCT00040919, FAR00056105, FAR00045695, and FAR00056159 (Exhibit F (ECF No. 254-7) at 1–6, 38–55);

- Paul Weiss Engagement Letter (Exhibit H (ECF No. 254-9) at 9–15); and

- QCT00000173, FAR00001588, FAR00090073, and FAR00088966 (Exhibit I (ECF No. 254-10) at 1–117, 143–55).[2]

---

[1] By filing this letter motion, the dismissed Italian Defendants (QC Terme s r.l. and White Bridge Investments S.p.A.) do not waive and specifically reserve their right to challenge any amended complaint filed by Plaintiffs, including under Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure.

[2] Should the Court grant this request. QC Terme US will promptly publicly file versions of Exhibits A, B, D, E, F, H, and I with the identified pages redacted.

Hon. Robert W. Lehrburger
January 19, 2023

QC Terme US and the dismissed Italian Defendants conferred with Plaintiffs via email on January 13, informing Plaintiffs of their plans to move to seal regarding these documents and inviting Plaintiffs to provide a response by January 18. Plaintiffs did not respond, nor did they otherwise object to these stated plans. Sealing of these exhibits is warranted because they contain sensitive business information of the type that courts in this Circuit have routinely sealed and that Your Honor has sealed on multiple occasions in this same matter, including some of the same exact documents that Your Honor has previously sealed.

According to the Second Circuit, a public right of access may attach to certain documents under the common law or the First Amendment. For the common-law right to attach, a court must first conclude that the document at issue is a "judicial document," meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If a court determines that a document is a "judicial document," it must then assess the weight of that presumption and "balance competing considerations against it." *Id.* at 120. To overcome a First Amendment right of access, a party seeking sealing must show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).

The documents in question here all contain commercially sensitive information that should be kept under seal *even if* the Court concludes that they are judicial documents and a public right of access applies to them. Your Honor has recognized the imperative to keep such information under seal in granting four previous motions to seal in this matter regarding documents containing, for example, financial projections, balance sheets, profit-and-loss statements, future plans for the QC Terme business, bank statements, and agreements entered into with third parties. *See* ECF No. 127 at 3; ECF No. 240 at 2; ECF No. 245 at 3; ECF No. 252 at 2. More generally, "[c]ourts in this Circuit regularly seal information that might disclose trade secrets or confidential business information." *Iacovacci v. Brevet Holdings, LLC*, 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022) (collecting cases); *see also, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal with respect to exhibits containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" on grounds "that the privacy interests of the defendants outweigh the presumption of public access"). All of the documents at issue that were produced were designated "Confidential" by the parties. For the documents Plaintiffs themselves produced, they did so as "Confidential"; for those QC Terme US and the dismissed Italian Defendants produced, Plaintiffs did not challenge the "Confidential" designation under the mechanism provided for by the Protective Order. See ECF No. 38 § 5.1.

The documents at issue contain non-public financial information regarding QC Terme US and the dismissed Italian Defendants of the type that is regularly sealed, and in several instances has already been sealed in this case. Specifically:

- Exhibit E to ECF No. 256 contains detailed financial information regarding the QC Terme business, i.e., a proposed business plan sent by Saverio Quadrio Curzio. This type of information is "commercially sensitive, potentially harmful, and . . . the document[s] should be sealed to prevent competitors from utilizing this information to harm" QC Terme, as courts have regularly concluded in analogous situations. *Rubik's Brand Ltd. v.*

Hon. Robert W. Lehrburger
January 19, 2023

**WHITE & CASE**

*Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting motion to seal document containing "pricing information as well as a chart detailing" future financial projections); *see also Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (concluding that presumptions of public access were overcome and granting request to seal with respect to "highly confidential sales information, including pricing information"). Indeed, this Court has multiple times sealed similar documents, including some of the exact same documents at issue here. *See* ECF No. 240 at 2 (sealing QCT00000173 and FAR00001588); ECF No. 245 at 2–3 (sealing FAR00088966); ECF No. 252 at 2.

- Exhibits A, B, C, and I to ECF No. 254 likewise contain detailed financial information regarding the QC Terme business. This includes documents such as memoranda prepared by White Bridge regarding its investment in QC Terme (QCT00000173 and FAR00001588); a valuation report for QC Terme NY LLC containing financial projections (FAR00088966); and a document describing anticipated pricing for the Governors Island site (FAR00015582). And the remaining documents in these exhibits are a series of bank statements or invoices regarding payments made to third parties. As described above, these documents contain sensitive financial and business information of the type Your Honor has previously recognized as subject to sealing. *See, e.g.*, ECF No. 252 at 2 (sealing QCT00015447, which also appears in Exhibit C).

- Exhibits D, E, F, and H to ECF No. 254 contain or describe details of contracts or financial relationships entered into by QC Terme entities, including a loan agreement between QC Terme US and MAP (QCT00045488 and FAR00041698); minutes from a MAP board meeting regarding the approval of that loan (FAR00090073); descriptions of a credit agreement between MAP and two Italian banks (QCT00040919, FAR00056105, FAR00045695, and FAR00056159); and a legal engagement letter (Exhibit H at 9–15). The risk of competitive harm presented by the disclosure of "contractual terms" is the type of interest that will support granting a motion to seal. *Rubik's Brand*, 2021 WL 1085338, at *1 (granting motion to seal regarding terms of licensing agreements). This Court has already recognized as much in sealing the same and similar exhibits in a prior order. *See* ECF No. 245 at 2–3 (sealing QCT00045488 and QCT00040919, as well as a legal retainer agreement).

\*   \*   \*

For these reasons, QC Terme US and the dismissed Italian Defendants request that the Court enter an order sealing all of the documents listed above.

Respectfully,

/s/ *Tara M. Lee*
Tara M. Lee

Granted.

SO ORDERED:

1/25/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

3