**WHITE & CASE**

February 13, 2023

**VIA ECF**

Hon. Robert W. Lehrburger
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2023

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

**Re:** *Farsura v. QC Terme US Corp.*, No. 21-cv-9030-AT-RWL (S.D.N.Y.)

Dear Judge Lehrburger:

Recently, Plaintiffs filed a reply memorandum in support of their motion for leave to amend their Complaint. Along with that filing, they filed a supporting declaration (ECF No. 264) and a number of accompanying exhibits, all of which were filed under seal. Pursuant to Rule B of Your Honor's Rules for Redactions and Filing Under Seal, I write on behalf of QC Terme US to request that the Court enter an order sealing Exhibits I, J, K, and L to ECF No. 264. QC Terme US has conferred with Plaintiffs regarding this request, and Plaintiffs do not oppose keeping these exhibits under seal. Sealing of these materials is warranted because all of them contain tax returns that are explicitly protected as confidential by federal statute. Further, courts in this Circuit have regularly sealed tax-related information of this type in analogous circumstances, including Your Honor in this same matter.

According to the Second Circuit, a public right of access may attach to certain documents under the common law or the First Amendment. For the common-law right to attach, a court must first conclude that the document at issue is a "judicial document," meaning that it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If a court determines that a document is a "judicial document," it must then assess the weight of that presumption and "balance competing considerations against it." *Id.* at 120. To overcome a First Amendment right of access, a party seeking sealing must show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016).

The exhibits in question here all contain sensitive tax information that should be kept under seal **even if** the Court concludes that they are judicial documents and a public right of access applies to them. The documents consist of QC Terme US Holding LLC's tax returns for the years 2016, 2017, 2018, and 2020. *See generally* ECF No. 264, Exs. I, J, K, L. Federal law expressly provides that tax "[r]eturns and return information shall be confidential." 26 U.S.C. § 6103(a). In accordance with this statutory command, courts in this Circuit and elsewhere have routinely kept tax returns and other tax-related information under seal. *See Kloppel v. HomeDeliveryLink, Inc.*, 2022 WL 1210484, at *1 & n.1 (W.D.N.Y. Apr. 25, 2022) (granting party's motion to seal "because the documents it seeks to file under seal are tax returns"); *Solomon v. Siemens Indus.*, 8 F. Supp. 3d 261, 285–87 (E.D.N.Y. 2014) (denying motion to unseal regarding tax returns on grounds that "[t]ax returns are generally afforded special protection from public disclosure"); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Secs. Dealers, Inc.*, 2008 WL 199537, at *11 (S.D.N.Y. Jan. 22, 2008) (granting motion for a protective order with respect to judicial documents

February 13, 2023

containing "return information" that was "protected by the federal tax laws"); *see also Pipe Fitters Local 120 v. Qwest Mechanical Contractors*, 2021 WL 6620375, at *1 (N.D. Ohio Nov. 30, 2021) (granting motion to seal tax returns attached as exhibits to summary judgment motion, concluding that statutory protection of tax returns as confidential outweighed "strong presumption in favor of openness" to court records). In addition, QC Terme US designated all of these documents as "Confidential" when it produced them, and Plaintiffs did not challenge the "Confidential" designation for any of them under the mechanism provided for by the Protective Order. *See* ECF No. 38 § 5.1.

This Court, too, has previously granted a motion to seal with respect to information related to tax returns in this matter. *See* ECF No. 69 at 2 (granting letter motion to seal Exhibits I and K to ECF No. 63). The documents at issue in that motion contained spreadsheets listing the dates, descriptions, and amounts connected to various expenses and gifts; according to Plaintiffs, these documents were "constructed as part of Plaintiff Stefano Farsura's tax accounting for 2014," and reveal "the names of certain of Mr. Farsura's clients, along with a description of items purchased for clients and the value of these gifts." *Id.* at 1; *see also* ECF No. 63, Exs. I, K. If "worksheets created in preparation for tax filings" are to be sealed (ECF No. 69 at 2), there is no question that tax filings themselves should be sealed as well. The Court should accordingly grant this motion.

\* \* \*

For the reasons stated above, QC Terme US requests that the Court enter an order sealing Exhibits I, J, K, and L to ECF No. 264.

Respectfully,

/s/ *Tara M. Lee*
Tara M. Lee

Granted.

SO ORDERED:

2/14/2023

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

2