```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
STEFANO FARSURA and
SF CAPITAL PARTNERS LLC,

                          Plaintiffs,

       -against-                                          21 Civ. 9030 (AT) (RWL)

QC TERME US CORP.                                         **ORDER ADOPTING
                                                          REPORT AND
                          Defendant.                      RECOMMENDATION**
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/5/2023_

ANALISA TORRES, District Judge:

Plaintiffs Stefano Farsura and SF Capital Partners LLC bring this action against Defendant, QC Terme US Corp., alleging, *inter alia*, breach of contract for freezing Farsura out of the parties' spa business. Dismissal Order at 1, ECF No. 163 (citing ECF No. 1-2 ¶¶ 1, 6).[1] On September 13, 2022, the Court granted in part and denied in part Defendant's motion to dismiss the complaint (the "Dismissal Order"). *Id.*; *see also* ECF No. 220. On October 10, 2022, Plaintiffs filed a letter request for leave to file an amended complaint. ECF No. 192. On November 21, 2022, Judge Lehrburger granted Plaintiffs leave to amend based on the parties' letters and oral argument (the "November 21 Order"). ECF No. 223; *see also* ECF Nos. 193, 198, 219; Dkt. Entry 11/17/2022. On November 23, 2022, Defendant filed a letter request to vacate the November 21 Order and permit briefing on Plaintiffs' motion to amend. ECF Nos. 226–27. On December 6, 2022, Judge Lehrburger issued an order stating that "reconsideration [of the November 21 Order] [wa]s warranted" because the "decision was based on an incomplete record." ECF No. 243 at 2.[2] Judge Lehrburger denied Defendant's motion to vacate, held the

---

[1] Capitalized terms not otherwise defined herein have the meanings set forth in the Honorable Robert W. Lehrburger's report and recommendation (the "R&R"), ECF No. 269. Because the R&R refers to Plaintiffs collectively as "Plaintiffs" or "Farsura," R&R at 1, this order does the same.

[2] At oral argument, Judge Lehrburger "expressly stated that [he] intended to decide the motion to amend (not merely the request for a conference) on the record it had," and "Defendant did not object, did not state that it had withheld any arguments, and did not request any further briefing." ECF No. 243 at 2.

November 21 Order in abeyance pending reconsideration, and set a briefing schedule. *Id.* On December 20, 2022, Plaintiffs filed a formal motion for leave to amend. ECF No. 246. Following "fulsome briefing," ECF No. 243 at 2, on March 14, 2023, Judge Lehrburger issued the R&R, which vacates the November 21 Order and recommends that Plaintiffs' motion for leave to amend be denied, *see generally* R&R.[3]

Before the Court are: (1) the "[limited objection]" of Defendant to the R&R, Def. Obj. at 1 (emphasis omitted), ECF No. 270; and (2) Plaintiffs' objections to the R&R, Pls. Obj., ECF No. 272; *see also* ECF No. 273. For the reasons stated below, the Court OVERRULES the parties' objections to the R&R and ADOPTS the R&R's conclusions.

## DISCUSSION[4]

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a

---

[3] Judge Lehrburger "frames [his] opinion as a report and recommendation in this instance because denying Farsura's motion to amend may be considered dispositive of his claims against the Italian Defendants." R&R at 2 n.1.
[4] The Court presumes familiarity with the facts and procedural history as detailed in the Dismissal Order, *see* Dismissal Order at 2–6, and the R&R, *see* R&R at 2–5, and, therefore, does not summarize them here.

magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.     Defendant's Objection

Defendant states that "Judge Lehrburger correctly recognized that Plaintiffs' [m]otion to [a]mend should be denied, yet he failed to issue that denial as an order" under Rule 72(a). Def. Obj. at 5. Specifically, Defendant argues that Judge Lehrburger's "framing" of his opinion as a report and recommendation "is clearly erroneous" "[b]ecause [he] decided a non[-]dispositive pretrial matter under Rule 72(a)." *Id.* at 1. Defendant requests that the Court: (1) "overrule Judge Lehrburger's decision to issue the R&R as a report and recommendation under Rule 72(b)"; (2) "treat the R&R as an order issued under Rule 72(a)"; and (3) "review those portions of the R&R objected to by Plaintiffs under the clearly-erroneous-or-contrary-to-law standard of review." *Id.* at 6. Plaintiffs contend that Defendant cannot object "to the form of the R&R," and state that "it is an open question in this Circuit as to whether the denial of leave to amend is dispositive or non[-]dispositive." ECF No. 274 at 1 (emphasis omitted).

To start, Defendant does not provide authority for its ability to object to the R&R's "framing," and the Court is aware of none. Defendant's objection does not trigger *de novo* review

3

because it is not aimed at particular findings in the R&R. *Bailey*, 2014 WL 2855041, at *1. At best, Defendant's objection to the "framing" of the R&R is a general objection, and the Court shall review it for clear error, *see Wallace*, 2014 WL 2854631, at *1.

"A motion to amend the complaint is treated as a non-dispositive motion and is reviewed under the 'clearly erroneous' standard." *SEC v. Rio Tinto PLC*, No. 17 Civ. 7994, 2021 WL 807020, at *1 (S.D.N.Y. Mar. 3, 2021) (citation omitted); *United States v. Bon Secours Health Sys., Inc.*, No. 10 Civ. 9650, 2023 WL 1992639, at *2 (S.D.N.Y. Feb. 14, 2023) (citing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) and *Gullo v. City of New York*, 540 F. App'x 45 (2d Cir. 2013)); *see also In re Lifetrade Litig.*, No. 17 Civ. 2987, 2022 WL 1448431, at *1 ("The Second Circuit has suggested that a denial of a motion for leave to amend warrants the 'clearly erroneous' standard." (citations omitted)). "But some courts in this [D]istrict have nonetheless treated motions to amend as dispositive." *In re Lifetrade Litig.*, 2022 WL 1448431, at *1 (citation omitted).

Defendant's contention that Judge Lehrburger "contravened the policy of this [D]istrict that magistrate judges exercise the 'maximum powers authorized by law'" lacks support. Def. Obj. at 5; *see also id.* at 4. Judge Lehrburger's decision to "frame [his] opinion as a report and recommendation . . . because denying Farsura's motion to amend may be considered dispositive of his claims against the Italian Defendants," R&R at 2 n.1, is not clearly erroneous under § 636(b)(1), Rule 72, or the law of this District. Therefore, the Court finds no clear error.

Accordingly, Defendant's objection to the R&R is OVERRULED.[5]

---

[5] To the extent Defendant's requests, Def. Obj. at 6, are separate from Defendant's objection to the form of the R&R, they are DENIED. Further, even if Judge Lehrburger did err by issuing an R&R, and the Court treated the R&R as an order issued under Rule 72(a), Judge Lehrburger's ruling would withstand clear error review. *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364, 2020 WL 4927575, at *2 (S.D.N.Y. Aug. 21, 2020) (A magistrate judge's "resolution of a non[-]dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion.").

4

III.     Plaintiffs' Objections

Plaintiffs first argue that the Court "should reject the R&R because it impermissibly relied on new facts previously available to Defendants but not raised before [Judge Lehrburger] issued his ruling on Plaintiffs' motion [to amend]." Pls. Obj. at 7; *see also id.* at 2, 8, 10. Because Plaintiffs reiterate their original arguments concerning reconsideration, *see* Pls. Mem. at 7–8, ECF No. 247; *see also* R&R at 6, the Court reviews this objection for clear error, *see Wallace*, 2014 WL 2854631, at *1. Judge Lehrburger did not clearly err in granting reconsideration.

Second, Plaintiffs contend that Judge Lehrburger erred "in not permitting leave to amend following the dismissal ruling," ECF No. 163, by "declin[ing] to follow [*Loreley Financing (Jersey) No. 3. Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015); *Barron v. Helbiz, Inc.*, No. 21-278, 2021 WL 4519887 (2d Cir. Oct. 4, 2021) (summary order); and *Schwimmer v. Guardian Life Insurance*, No. 93 Civ. 428, 1996 WL 146004 (S.D.N.Y. Apr. 1, 1996)] because [the cases] 'apply Rule 15 and not the more exacting standard of Rule 16.'" Pls. Obj. at 8–9 (citing R&R at 18 n.14). Plaintiffs misquote the R&R. Judge Lehrburger distinguished Plaintiffs' characterization of some caselaw in a footnote when discussing the "Acting On Behalf Of" facts and whether Plaintiffs demonstrated good cause to amend those facts. R&R at 18 n.14; *see also id.* at 15–21. Plaintiffs make a general objection to Judge Lehrburger's decision to not permit leave to amend and also reiterate their original arguments, *see* Pls. Mem. at 22–24, Pls. Reply at 10–12, ECF No. 262; *see also* R&R at 18–21. The Court does not find clear error on this basis. *See Wallace*, 2014 WL 2854631, at *1.

Third, Plaintiffs argue that the Court should permit the amendments as to Whitebridge. Pls. Obj. at 10.[6] Plaintiffs contend that Judge Lehrburger erred in "[finding] that Plaintiffs had

---

[6] In the Dismissal Order, the Court found that it did not have specific jurisdiction over Whitebridge. Dismissal Order at 7–12.

5

prior knowledge that 'Whitebridge directly participated in the decision to implement the Wrongful Transfer'" based on a phone call from 2019 involving Farsura and Saverio QC. *Id.* at 10–11. But Plaintiffs already made this argument to Judge Lehrburger. Pls. Reply at 1–2. Plaintiffs also argue that Judge Lehrburger erred in "declin[ing] to permit Plaintiffs to amend their [c]omplaint to include . . . facts [concerning Whitebridge's revenue]" by "cit[ing] revenue projections from 2017." Pls. Obj. at 15 (emphasis omitted). Again, Plaintiffs restate their original arguments. Pls. Mem. at 14–16; Pls. Reply at 2–3. The R&R is not clearly erroneous for these reasons.

Plaintiffs raise one specific objection concerning the Whitebridge amendments. Plaintiffs argue that they first learned of "facts concerning Whitebridge's involvement in QC Terme s.r.l.'s decision to retain New York counsel . . . when Defendants asserted the common interest privilege over communications between Whitebridge and QC Terme s.r.l. in September 2022, and that these facts support jurisdiction over Whitebridge." R&R at 25 (citing Pls. Mem. at 11–17). Judge Lehrburger found that, although "Farsura did exercise diligence in moving to amend to add this fact," *i.e.*, that "Whitebridge was involved in QC Terme s.r.l.'s decision to retain particular New York counsel to advise on the Wrongful Asset Transfer," "the amendment would ultimately be futile." *Id.* at 25, 27.[7] Plaintiffs contend that Judge Lehrburger's futility finding, or the "rul[ing] that Whitebridge's use of New York counsel 'falls well short of that required to transact business in New York,'" was error. Pls. Obj. at 12 (quotation marks omitted) (citing R&R at 30). The Court shall review this specific objection *de novo*.

"Although Rule 15(a) governs the amendment of pleadings, where a scheduling order has been entered, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline

---

[7] This fact is alleged in Paragraph 24(b) of Plaintiffs' proposed amended complaint ("FAC"), ECF No. 230.

specified in the scheduling order for amendment of the pleadings has passed." *In re Adelphia Commc'ns. Corp.*, 452 B.R. 484, 491 (S.D.N.Y. Bankr. 2011) (quotation marks omitted) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007)); *see also Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 850 F. App'x 38, 43 (2d Cir. 2021) (summary order) ("[W]here a party's motion to amend would require altering a court's scheduling order, the party 'must satisfy *both* Federal Rules of Civil Procedure 15 and 16 to be permitted to amend.'" (citation omitted)). "An amended pleading is futile when, as a matter of law, the proposed complaint would not survive a Rule 12 motion, such as . . . a Rule 12(b)(2) motion for lack of personal jurisdiction." *Oppedisano v. Zur*, No. 20 Civ. 5395, 2022 WL 4134436, at *2 (S.D.N.Y. Sept. 12, 2022); *see also Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017).

"On a motion to dismiss pursuant to [Rule 12(b)(2)], the plaintiff bears the burden of establishing personal jurisdiction." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 349 (S.D.N.Y. 2014) (citing *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012)). "Plaintiff need only make a prima facie showing of jurisdiction through affidavits and supporting materials to satisfy this burden." *Golden Archer Invs., LLC v. Skynet Fin. Sys.*, No. 11 Civ. 3673, 2012 WL 123989, at *3 (S.D.N.Y. Jan. 3, 2012); *see also Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015) (finding that, when the jurisdictional facts are in dispute, "the district court may consider materials outside the pleadings, including affidavits and other written materials").

"A district court's personal jurisdiction is determined by the law of the state in which the court is located." *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). New York's long-arm statute provides for jurisdiction under Civil Practice Law and Rules ("CPLR") § 302. Section 302(a)(1) provides that a court may exercise personal jurisdiction over a non-domiciliary "who in

7

person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). For an agency relationship to exist under CPLR § 302, the "alleged agent must have acted (1) for the benefit of, (2) with the knowledge of, (3) with the consent of, and (4) under the control of, the principal." *CFPB v. NDG Fin. Corp.*, No. 15 Civ. 5211, 2016 WL 7188792, at *8 (S.D.N.Y. Dec. 2, 2016).

Plaintiffs argue that the proposed amendments concerning Whitebridge's use of New York counsel support the exercise of specific personal jurisdiction over Whitebridge under C.P.L.R. § 302(a)(1). Pls. Mem. at 13–14; *see* Pls. Reply at 4–5; *see also* Pls. Obj. at 11–14; FAC ¶ 24(b) ("Whitebridge and . . . QC Terme s.r.l. jointly retained an attorney from the New York offices of [the] law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP [("Paul, Weiss")] to 'advise on the purchase of QC Terme NY LLC.'" (citing ECF No. 131 ¶ 35)). Plaintiffs contend that "[d]irecting New York counsel and agents to conduct an activity ultimately challenged as tortious constitutes 'a transaction of business in New York' sufficient to justify the exercise of personal jurisdiction." Pls. Mem. at 13–14 (citation omitted). Plaintiffs also argue that

> White[bridge] participated in the decision to retain Paul[,] Weiss . . . ; sought and received legal advice from Paul[,] Weiss in connection with the valuation of QC Terme NY LLC, the Wrongful Asset Transfer, and the dissolution of QC Terme US Holding . . . ; and, based on that legal advice and in communication with those New York lawyers, jointly decided with QC Terme to implement the Wrongful Asset Transfer and dissolution through New York counsel[.]

Pls. Reply at 4–5 (citations and emphasis omitted).

After drawing all reasonable inferences in favor of Plaintiffs, *Struna v. Leonardi*, 626 F. Supp. 3d 657, 662 (S.D.N.Y. 2022), the Court concludes that Plaintiffs have not met their burden to establish specific personal jurisdiction over Whitebridge. The record, which includes affidavits and privilege logs, *see. e.g.*, ECF Nos. 130–33, 250-5, does not support Plaintiffs' conclusory allegations as to Whitebridge's conduct. *See Megna v. Biocomp Labs. Inc.*, 166 F. Supp. 3d 493,

498, 500 (S.D.N.Y. 2016).  And, Plaintiffs' attempt to establish jurisdiction through an agency theory fails for the same reason.  *See SPV Osus Ltd. v. UniCredit Bank Austria*, No. 18 Civ. 3497, 2019 WL 1438163, at *8 (S.D.N.Y. Mar. 30, 2019) ("[S]parse allegations of agency are too conclusory to make a prima facie showing of personal jurisdiction.") (cleaned up).  Because Plaintiffs' proposed amendments do not cure the deficiencies outlined in the Court's Dismissal Order, Dismissal Order at 10–12, and would not survive a motion to dismiss, *Oppedisano*, 2022 WL 4134436, at *2, Plaintiffs' proposed amendments as to Whitebridge are futile.[8]

Fourth, Plaintiffs argue that the Court should permit the amendment as to QC Terme s.r.l.  Pls. Obj. at 16–19.  Plaintiffs assert that Judge Lehrburger "erred in not construing the facts 'in the light most favorable to [P]laintiffs'" by "not follow[ing] the teachings of *Perez*[ *v. MVNB Corp.*, No. 15 Civ. 6127, 2016 WL 6996179 (S.D.N.Y. Nov. 29, 2016)]."  Pls. Obj. at 17–18.  Plaintiffs reiterate arguments made before Judge Lehrburger, Pls. Reply at 10–12, and, accordingly, the Court shall review this objection for clear error, *see Wallace*, 2014 WL 2854631, at *1.  The Court finds none.

Finally, Plaintiffs contend that Judge Lehrburger "incorrectly rejected *Grand River*[ *Enterprises v. Pryor*, 425 F.3d 158 (2d Cir. 2005)] as 'inapposite'" when considering Plaintiffs' request that the Court enter partial judgment under Rule 54(b) in the event it denied Plaintiffs' motion to amend.  Pls. Obj. at 20 (citing R&R at 36).  Plaintiffs repeat the same arguments they made before Judge Lehrburger, Pls. Reply at 20, and the Court finds no clear error.  Even if Plaintiffs' objection to this portion of the R&R were subject to *de novo* review, the Court

---

[8] Plaintiffs argue that Judge Lehrburger was required to hold an evidentiary hearing on jurisdiction, Pls. Obj. at 3 & n.2, 13, and that "jurisdiction over Whitebridge would . . . be appropriate based on the 'conspiracy jurisdiction' theory that the Second Circuit expressly approved of just last month, *id.* at 14 (citing *In re Platinum & Palladium Antitrust Litig.*, Nos. 20-1458, 20-1575, 20-1611, 2023 WL 2229364, at *17 (2d Cir. Feb. 27, 2023)).  The Court shall not consider new arguments raised in objections to the R&R that could have been raised before Judge Lehrburger.  *Gladden*, 394 F. Supp. 3d at 480.  In any event, the Second Circuit case Plaintiffs identify is inapposite.

9

disagrees with Plaintiffs that *Grand River* "is . . . on point." Pls. Obj. at 20. The Court declines to grant relief under Rule 54(b). *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128–29 (2d Cir. 2000) ("Respect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely." (cleaned up)).

Accordingly, Plaintiffs' objections to the R&R are OVERRULED.

The parties' objections are otherwise conclusory and general, or restate the parties' original arguments. *Wallace*, 2014 WL 2854631, at *1; *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES the parties' objections to the R&R and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the parties' objections to the R&R, ADOPTS the R&R's conclusions, and DENIES Plaintiffs' motion for leave to amend. By **July 19, 2023**, the parties shall file a joint letter stating how they would like to proceed.

In addition, Plaintiffs' request to seal at ECF No. 271 is DENIED because Defendant did not move within three days of the filing to keep its materials under seal.

The Clerk of Court is directed to terminate the motions at ECF Nos. 246 and 271 and modify the viewing level at ECF No. 272 to public.

SO ORDERED.

Dated: July 5, 2023
  New York, New York

_____
ANALISA TORRES
United States District Judge